Vernon C. Neal, Inc. v. Commissioner.
Vernon C. Neal, Inc. v. Commissioner
Docket No. 4635-62.
United States Tax Court
T.C. Memo 1964-220; 1964 Tax Ct. Memo LEXIS 118; 23 T.C.M. (CCH) 1338; T.C.M. (RIA) 64220; August 19, 1964
Sam G. Winstead, Republic National Bank Bldg., Dallas, Tex., for the petitioner. Thomas J. Moroney, Jr., for the respondent. BRUCE Supplemental Memorandum Opinion BRUCE, Judge: On May 25, 1964, the Court filed a Memorandum Opinion in this proceeding (T.C. Memo. 1964-145) deciding, on the authority of Henry C. Beck Builders, Inc., 41 T.C. 616 (1964), the sole issue herein in favor of the petitioner. The respondent, on June 2, 1964, moved for reconsideration of such opinion, which motion was calendared for hearing on July 29, 1964, with memoranda to be filed by the parties. Counsel for both parties have waived oral argument and requested that the matter presented be considered on the basis of the briefs which have been filed. The motion for reconsideration is hereby granted. The issue herein is whether a parent corporation's intercompany profits from contracts with subsidiaries, *120 which were properly eliminated from consolidated returns filed for fiscal years ended in 1955, 1956, and 1957, constitute income taxable to the parent for the fiscal year ended in 1958, when all the stock of the subsidiaries was sold to an unrelated party. In the Beck case, supra, we held that a parent corporation's intercompany profits, eliminated in consolidated returns for the fiscal years ended June 30, 1953 and 1954, did not constitute income taxable to the parent in the year ended in 1957 when the parent sold all the stock of the subsidiary to an unrelated party. The respondent contends that the present case is distinguishable from Beck in that the present case involves intercompany profits arising in fiscal years taxable under the Internal Revenue Code of 1954, while Beck involved such profits arising in years prior to the application of the 1954 Code. In the Beck case the respondent urged that elimination of intercompany profits and carryover of basis constitute a method of accounting, and that when the method as used fails to reflect income, a change of method may be compelled pursuant to section 446(b), Internal Revenue Code of 1954. In the *121 Beck case we held that section 481(a) of the 1954 Code specifically forbade the adjustments in issue. Such section provides: SEC. 481. ADJUSTMENTS REQUIRED BY CHANGES IN METHOD OF ACCOUNTING. (a) General Rule. - In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change") - (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer. Under section 7851(a)(1)(A) of the 1954 Code, section 481 was not applicable to the fiscal years involved in Beck. The respondent points out that the last clause of section 481(a)(2), which we regarded as barring the adjustments in the Beck case, does not have *122 that effect here, because the taxable years in which these profits arose were within the period to which section 481(a) applies. The respondent's argument in the present case, as in Beck, is that the elimination of intercompany profits under section 1.1502-31(b)(1)(i), Income Tax Regulations, and carry-over of basis under section 1.1502-38(b) of such Regulations constitutes a method of accounting. The respondent argues that where an affiliated group of corporations files consolidated returns and uses a method of accounting whereby profits and losses on intercompany transactions are eliminated and in a subsequent year the parent, the petitioner here, disposes of the stock of the subsidiaries, thereby breaking the affiliation, the petitioner terminated its right to file a consolidated return and to continue to exclude the income it had received from the transactions with the subsidiaries, that the method of accounting used thereby becomes improper and does not clearly reflect the petitioner's correct net income by properly including income which had become taxable as the result of a final transaction with a person outside the affiliated group. The petitioner *123 points out that the notice of deficiency herein was not based upon any claim that the petitioner had employed an erroneous method of accounting which should be changed, that no supposedly proper method of accounting was suggested and that the notice did not invoke the provisions of section 446 or section 481. The petitioner states that the sale of the subsidiaries' stock in 1958 resulted in a loss and the respondent's action here, if allowed, would have the effect of converting a capital loss into ordinary income, and that the sale was wholly unrelated to the previously eliminated profits. In Beck we stated we were not prepared to agree that elimination of intercompany profits and carryover of basis constitute a method of accounting and that we were even less ready to agree that the method used by the taxpayer had been changed simply because of the termination of the affiliation. Consolidated returns, as was stated in the dissenting opinion in Beck, which disagreed with the result on other grounds, are not a method of accounting, but a method of reporting. Section 446(c) of the Code, listing permissible methods of accounting for taxpayers, does not treat any of the foregoing as a *124 method of accounting, nor do the regulations under section 1502, relating to consolidated returns. The result reached in Beck was based upon the general principle that the tax laws do not permit inclusion of income in a later year of an item accrued in an earlier year merely because it was not taxed in the earlier year, and upon the absence of any statute or regulation authorizing the taxing, in the year the stock of the subsidiary was sold, of the previously eliminated intercompany profit. Upon reconsideration herein we hold that the elimination of intercompany profits and carryover of basis pursuant to the regulations under section 1502 of the Code did not constitute a method of accounting and that termination of the affiliation did not change the method of accounting. It follows that the adjustments determined by the respondent herein are not authorized or required by section 481. Accordingly, the conclusion reached in our former opinion deciding the issue in favor of the petitioner is reaffirmed. As stated in the original opinion, because of uncontested adjustments, Decision will be entered under Rule 50.